# Delaware, Lackawanna & Western R. R. Co. v. Stroudsburg, Water Gap & Portland Street Ry. Co.

*Equity practice—Exceptions to answer.*

1. Exceptions to the answer lie only to an insufficient discovery or to scandal and impertinence.

2. Where the answer is a full and proper response to the facts stated in the bill, exceptions will not be considered.

3. Exceptions cannot be made to perform the function of a demurrer to an answer or raise the question whether the answer discloses a good defence or not.

Exceptions to answer. C. P. Northampton Co., July T., 1923, No. 2, in Equity.

*Kirkpatrick & Maxwell, G. W. Morgan* and *Reese H. Harris*, of the Lackawanna County Bar, for plaintiff.

*E. J. & J. W. Fox* and *A. Mitchell Palmer*, of the Monroe County Bar, for defendant.

STEWART, P. J., Oct. 27, 1924.—The Delaware, Lackawanna & Western Railroad Company filed its bill to prevent the Stroudsburg, Water Gap & Portland Street Railway Company from proceeding further to condemn certain parcels of land. The bill avers that the street railway company had presented two petitions to this court for condemnation, and that it had presented two bonds to be approved; that the railroad company filed an answer in that proceeding, and objections to the taking of the land and the approval of the bond; and that the entire proceedings for the condemnation of the land were illegal; and that the land proposed to be condemned was necessary for the railroad company's right of way and could not be taken in condemnation proceedings. The bill sets forth in paragraphs twelve and thirteen an exact description of the parcels that the street railway company proposes to take. Paragraph seven of the bill sets forth an exact description of the railroad company's right of way, and a blue-print showing the location of the railroad company's tracks on the right of way, and also showing the public highway, is attached to the bill and made a part thereof as Exhibit "A." Exhibit "B," which is also made a part of the bill, is the lease between the railroad company and the street railway company, and specifically gives the location of the trolley track from the westerly right of way line of the railroad company. The bill also avers in the eighth paragraph that the street railway company constructed its track upon the railroad company's land, as shown by the lease and the blue-print, and has maintained and operated its line of electric street railway over said strip of land from the year 1911 to the present time. Without discussing the various exceptions filed, one by one, it seems to us that all exceptions to the effect that the answer is vague or indefinite about the location, either of the railroad company's right of way or of defendant's track and the lines of the same, are not well taken. There is no difficulty at all in determining the physical features of this controversy, nor is it necessary to inquire

Del., Lacka. & Western R. R. Co. v. Stroudsburg, Water Gap & Portland St. Ry. Co.

whether the pleader in the answer meant a location by the action of the board of directors or an actual location and construction upon the ground. It would seem, from reading the bill and the answer, that the only thing that could have been intended in the answer was the actual building of the street railway. Nor is it necessary that the pleader should set forth a copy of the alleged written consent of 51 per cent. of the land owners. If that branch of the defence is a legitimate one, it must be proven, but the proof need not be set forth in detail in the answer. It is also the subject of a number of exceptions that the answer contains irrelevant, immaterial and frivolous averments. In other places they are called impertinent, frivolous and improper, and are, it is said, "obviously introduced merely for the purpose of attempting to prejudice this court." On a somewhat similar subject in Morrell v. Brooks, 19 Dist. R. 429, the late Judge Wiltbank said: "It is our practice, sitting in equity, to weigh the substance of a contention without dwelling upon collateral points of form with such over-nicety as to delay a cause, although they might have been found agreeable and interesting to practitioners of a past century. Impertinence in an answer may be described as the averment of facts which are outside of the line of judicial inquiry: Huston v. Sellers, 12 Phila. 520; Roulston v. Ralston, 13 Phila. 175. Whether or not it arises must at times cause doubt. The pleader and the chancellor early conceived it expedient to invite and permit a discussion of the relevancy of such averments by way of clearing the record for the ascertainment and determination of the real issue. By the allowance on the part of a judge, a controversy may, in the early stages of the cause, be swept clear of disputes and proofs upon, and consideration of, points arising merely by way of the idle retort of an advocate or the ineptitude of a party." We agree with the above quotation as to the general purpose of exceptions. We examined the matter at some length in Bethlehem City Water Co. v. Bethlehem Borough et al., 12 Northamp. Co. Repr. 83, 19 Dist. R. 103, and Bethlehem City Water Co. v. Bethlehem Borough et al., 12 Northamp. Co. Repr. 87, 19 Dist. R. 106. (The latter case should be read first.) Since then a very excellent discussion of the subject-matter will be found by Judge McConnell in Alcania Co. v. Avonmore Land and Improvement Co. et al., 23 Dist. R. 990. The syllabus of that case affords a test by which we have been largely governed in deciding the present case. It is as follows: "Upon exceptions to the sufficiency of an affidavit of defence on the law side of the court, the inquiry is as to the sufficiency of the facts set up to constitute a defence to the cause of action declared upon. On exceptions to the sufficiency of an answer in equity, the inquiry is whether the respondent's answer has the completeness of discovery of a full and proper response to the especial facts which the complainant has by his bill made the essential legal basis for his demand for relief; for the purpose of exceptions, it matters not whether the answer, as a whole, sets up a complete legal defence or not. Exceptions cannot be made to perform the function of a demurrer to an answer or raise the question whether the answer discloses a good defence or not. All the facts which complainant has properly made the subject of express statement in the bill must also be made the subject-matter of express and complete statement in the answer to avoid the effect of exceptions for insufficiency, when properly filed . . . A substantive defence, not responsive to the inquiries of the bill, but consisting of new matter exclusively, is not the subject of exceptions, nor are they applicable to an answer not under oath, nor where the oath has been waived." Having in mind what was said in above cases, we do not think any of the exceptions should be sustained.

And now, Oct. 27, 1924, all the exceptions are dismissed.